This is a suit to set aside sale, under writ of fieri facias, of certain property of plaintiff. The suit was filed in the City Court of Shreveport, and there was judgment sustaining an exception to the jurisdiction ratione materiae filed on behalf of defendant and dismissing plaintiff's suit. From this judgment plaintiff appealed to the First Judicial District Court in and for Caddo Parish, Louisiana. Defendant filed an exception to the jurisdiction ratione materiae directed at the jurisdiction of the First District Court on appeal, which exception was sustained and plaintiff's appeal was dismissed, reserving, however, plaintiff's right to transfer the appeal to this Court. Plaintiff procured orders of appeal returnable to this Court, filed an appeal bond, and the matter is now before us on appeal from judgment of the City Court sustaining the exception to the jurisdiction.
Defendant's exception to the jurisdiction ratione materiae as filed in the City Court was based upon the contention that the suit originally had been filed in the non-record division of the City Court; that, subsequently, by an amended and supplemental petition, the value of the property in dispute was fixed at the sum of $500, which amendment served to deprive the non-record *Page 636 
division of the City Court of Shreveport of jurisdiction over the subject matter of the dispute. Upon this ground there was judgment sustaining the exception.
When plaintiff's appeal from the judgment of the City Court was perfected to the district Court, it was met by an exception to the appellate jurisdiction of said Court on the ground that the value of the property in dispute involved in the subject matter of the suit had been fixed at $500 by plaintiff on pleadings. On this ground the exception was sustained, and plaintiff's appeal was dismissed, with the right reserved to plaintiff, however, of transferring the appeal to this Court, of which right plaintiff availed himself.
In this Court, defendant has filed a motion to dismiss, predicated upon the contention that there is neither an entire transcript of testimony nor a statement of facts in the record; that the appeal bond was signed too late after the taking of the appeal, and, in the alternative, that the case was finally disposed of by the First District Court on appeal.
We find no merit in the points made in support of the motion to dismiss the appeal. Since the appeal involves a judgment of the court of original jurisdiction sustaining an exception, and the facts necessary to a determination of such exception appear in the record, we see no necessity for a transcript of the testimony, nor for a statement of fact. As to the time of the perfecting of the appeal, it appears that judgment of district court dismissing the appeal was rendered on October 13, 1943. In this judgment the right of plaintiff to transfer the appeal to the Court of Appeal, Second Circuit, State of Louisiana, was specifically reserved. The minutes of the City Court show that orders for devolutive appeal were issued on October 18, 1943, and the return date fixed for November 29, 1943. The minutes further show that the appeal bond was filed and citation of appeal issued on November 17, 1943.
The above facts as reflected by the minutes disclose no undue delay in effecting the transfer of the appeal from the First District Court to this Court.
We do not follow the alternative contention that the case was finally disposed of by the First District Court on appeal. The only effect of the judgment of the First District Court on appeal was to refuse appellate jurisdiction, and since no action whatever was taken with reference to the subject matter of the litigation, it cannot be considered that there was intended to be any final disposition of the same.
For the reasons set forth, the motion to dismiss the appeal is overruled.
With regard to the exception to the jurisdiction which was sustained by the acting Judge of the City Court of Shreveport, the facts show that the suit has been prosecuted under docket number 45,059, City Court, City of Shreveport, Caddo Parish, Louisiana. It appears to be conceded that the suit was filed in what is called the non-record division of the City Court of the City of Shreveport, i.e. it was received and docketed in the division of the court which passes upon suits involving amounts of less than $100, and, accordingly, in which pleadings are not required to be written. However, it is contended on behalf of plaintiff, and not contradicted by defendant, that the pleadings in this suit were written. A careful examination of the pleadings and filings, as shown in the transcript, convinces us that all pleadings, by both plaintiff and defendant, were filed in written form, neither party availing himself of the right to file oral pleadings. This being so, we are at a loss to determine any practical ground for objection by defendant. No value was set up in plaintiff's original petition, and only with the filing of a second supplemental and amended petition, which petition was filed some six months after the filing of the original petition, was a value established. In the supplemental petition referred to plaintiff alleges that the value of the property involved was $500. It is perfectly true that jurisdiction must be determined upon the basis of the real amount in dispute, and it follows that an alleged valuation of $500 exceeds the jurisdictional amount of non-record suits. Nevertheless, the fact that the pleadings in the instant case were written, cannot be escaped. The mere fact that the suit was docketed and numbered under the non-record division of the City Court of Shreveport is beside the point, if otherwise it complied with the requirements for record suits. Rappeport v. Patten, La.App., 13 So.2d 497.
If any facts were shown which would lead to the conclusion that defendant had *Page 637 
suffered any injury arising from the docketing of the suit under the non-record division, such showing might be ground for well-founded objection. However, no such facts appear from an examination of the record, and no contention of prejudice or injury arising from this particular point is urged on behalf of defendant. Since we are of the opinion that defendant's rights have not been prejudiced or injured in any manner by the procedure, we can only conclude that the exception was improperly sustained.
Accordingly, the judgment of the City Court of the City of Shreveport sustaining defendant's exception to the jurisdiction ratione materiae is annulled and reversed, and this case is remanded to the said City Court of the City of Shreveport for further proceedings. Costs of this appeal are to be borne by defendant, all other costs to await final determination of this suit.